BROCKTON REDEVELOPMENT AUTHORITY *vs.* MICHAEL GILBRIDE (and eight companion cases). January 30, 1980. By agreement judgments for the plaintiff for possession were entered in summary process actions (see G. L. c. 239, § 1) filed in a District Court. The District Court judge did not order an appeal bond or payment of rents into escrow as required by G. L. c. 239, § 5, as appearing in St. 1977, c. 655, § 1. After appeal to the Superior Court and a claim by the defendants for trial to a jury, the plaintiff moved in that court for payment of rents pursuant to G. L. c. 239, § 5. Those motions were allowed, and the defendants took no appeals. The plaintiff subsequently moved to dismiss the then pending Superior Court appeals for failure to comply with that court's orders for rent pay-

ments.  A Superior Court judge allowed the motions to dismiss and entered judgments in compliance with Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), from which these present appeals ensued.  There was no error.

1.  General Laws c. 239, § 5, states in relevant part that "[a]ny party . . . who wishes to contest the amount of periodic payments required by the court" must seek review from a single justice (not a panel) of this court within the time specified therein.  The defendants here, not having done so at all, are not entitled to any relief from the judge's orders dismissing the appeals.  In short, the judge properly dismissed the appeals because the defendants neither complied with his order nor sought review of it pursuant to the fourth paragraph of G. L. c. 239, § 5.

2.  We do not consider any of the defendants' arguments based on the master's findings.  As his report was never adopted by the trial judge, those "findings . . . are entitled to no weight whatever." *Peteros* v. *Peteros*, 328 Mass. 416, 421 (1952), and cases cited.

*Judgments affirmed.*

*Richard L. Wainwright* for the defendants.
*James M. Burke* for the plaintiff.